UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LYNETTE WESLEY, as Adminstrator of the Estate of BRANDON WESLEY, | ) ) ) ) | CASE NO. 4:22-cv-201 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION** |
| CITY OF YOUNGSTOWN, et al., | ) ) ) ) | |
| DEFENDANTS. | ) | |

Before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) filed by defendant American Medical Response ("AMR"). (Doc. No. 19.) Defendants City of Youngstown, Chad Zubal, and Malik Mostella filed a separate motion to dismiss "incorporat[ing] the arguments and analysis of [AMR]." (Doc. No. 20, at 1[1] (citing Doc. No. 19).) Any opposition to Doc. No. 19 would have been due by January 19, 2023 (at the latest) and any opposition to Doc. No. 20 would have been due by January 23, 2023 (at the latest); no opposition has been filed.[2] For the reasons set forth herein, both motions are granted and this case is dismissed without prejudice.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

[2] Under Northern District of Ohio Local Rule 7.1(d), any opposition to a dispositive motion must be filed within thirty (30) days. The federal rules add an additional three (3) days for service, Fed. R. Civ. P. 6(d); but when the filing deadline falls on a weekend or federal holiday, it is moved to the next business day, Fed. R. Civ. P. 6(a)(1)(C). Even though Wesley is unrepresented by counsel, she is still expected to abide by all rules of court. *See West v. Adecco Emp. Agency*, 124 F. App'x 991, 992 (6th Cir. 2005) ("Courts have refused to excuse *pro se* litigants who failed to follow basic procedural requirements such as meeting 'readily comprehended' court filing deadlines." (citing cases)).

**I.     BACKGROUND**

Lynette Wesley ("Wesley") filed this action on February 4, 2022, in her capacity as the Administrator of the Estate of Brandon Wesley (the "decedent") (together, "the Estate" or "plaintiff"). (*See* Doc. No. 1, Complaint.) The complaint asserts claims for relief under both federal and state law on behalf of the Estate and based solely on allegations relating to encounters between the decedent and the various defendants. There are no claims raised by Wesley on her own behalf.

Although Wesley was initially represented by counsel, such counsel sought permission to withdraw his and his firm's representation. (Doc. No. 15, Motion to Withdraw as Attorney.) By order dated October 17, 2022, the motion to withdraw was granted. (Doc. No. 16, Order.) That order gave Wesley until December 13, 2022, to obtain substitute counsel.

On October 28, 2022, pursuant to a previous scheduling order, the Court conducted the telephonic Case Management Conference. Wesley participated in this conference on behalf of the Estate because she had not yet obtained new counsel, although she indicated her continued intent to do so by December 13, 2022. During that conference, the Court "emphasized to Ms. Wesley that, under the law, it is highly unlikely that she can represent the Estate *pro se*. Therefore, should new counsel not make a timely appearance, the Court will very likely issue an order for plaintiff to show cause why the case should not be dismissed." (*See* Minutes of Proceedings (11/1/2022).[3]) "Ms. Wesley indicated her understanding of these matters." (*Id.*)

The December 13, 2022, deadline for substitute counsel to appear has passed. Wesley has neither sought an extension of that deadline nor otherwise explained the failure for new counsel to appear on behalf of the Estate.

---

[3] No show cause order has issued because the defendants filed motions to dismiss, which put Wesley on renewed notice that dismissal is a possibility.

The defendants have filed the instant motions to dismiss, which are unopposed and ripe for resolution.

## II. DISCUSSION

According to exhibits attached to AMR's motion,[4] the Estate of Brandon DeShawn Wesley was opened in the Mahoning County Probate Court on October 5, 2021 and remains pending. (Doc. No. 19-1, Ex. 1, Probate Docket (Case No. 2021 ES 00582), *passim*.[5]) The probate records show only Wesley and Bernard Merchant ("Merchant") as next of kin; Wesley and Merchant are listed as the decedent's mother and father, respectively. (Doc. No. 19-2, Ex. 2, Surviving Spouse, Children, Next of Kin, Legatees and Devisees.) Thus, it appears that Wesley is not the sole beneficiary of the Estate.[6]

On November 4, 2021, Wesley was appointed Administrator of the Estate (Doc. No. 19-1, at 2), Merchant having waived his right to administer. (Doc. No. 19-2, Ex. 3, Waiver of Right to Administer.) On November 23, 2022, probate counsel, on motion, was permitted to withdraw his representation.[7] (Doc. No. 19-6, Ex. 6, Motion to Withdraw as Counsel for Fiduciary; Doc. No. 19-7, Ex. 7, Order Granting Motion to Withdraw as Counsel for Fiduciary.)

---

[4] Federal courts may "'take judicial notice of proceedings in other courts of record[.]'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (quoting *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)); Fed. R. Evid. 201(d)). Further, in ruling on a motion to dismiss, a court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

[5] The Estate is identified on the probate court's docket as "Full Administration without a Will." (Doc. No. 19-1, at 1.)

[6] The exhibits to AMR's motion include a March 18, 2022, Notice of Hearing on Inventory sent to Merchant at an address in Youngstown, Ohio (Doc. No. 19-4) and a November 14, 2022, Certificate of Service of Account to Heirs or Beneficiaries (Doc. No. 19-5). There is no indication that Merchant has an unknown address or that he has already received his distribution from the Estate.

[7] Probate counsel was not the same attorney who previously represented the Estate in this Court and subsequently withdrew.

On December 7, 2022, the Probate Court scheduled "Approval of Account – Informal" for January 24, 2023. (Doc. No. 19-1, at 6.) This Court's own check of the probate docket reveals a Probate Court order of that same date noting "a related claim or litigation pending[,]" and "approv[ing] and settl[ing] the account . . . [a]s there are no other assets of the Estate which are subject to Probate Court administration." *See* https://eprobate.mahoningcountyoh.gov/eservices, Case No. 2021 ES 00582 (last visited 1/25/2023).

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing with approval *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause."); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d. Cir. 1997) ("an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant")).

Because Wesley is not an attorney, and because she is not the sole beneficiary or next of kin named in the Estate of the decedent (and nothing in the probate court history reviewed above suggests otherwise), she may not prosecute this action on behalf of the Estate in a *pro se* capacity, even though she is the Administrator of the Estate. *See Jordan v. City of Toledo*, No. 3:21-cv-1233, 2022 WL 1500470, at *4 (N.D. Ohio May 12, 2022) (dismissing for failure to prosecute a lawsuit brought by the unrepresented executor of an estate). Although Wesley was previously advised of this fact and was given an opportunity to have new counsel appear on behalf of the Estate, she did not avail herself of that opportunity. Nor has she responded to either of the instant motions to dismiss.

## III. CONCLUSION

For the reasons set forth herein, defendants' unopposed motions to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute are granted and this case is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: January 30, 2023

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**